# Whitaker *versus* Houghton.

1. In trover after the plaintiff has demanded his goods and the defendant refused to deliver them, he is not bound to accept a tender of them where they have deteriorated in value since the conversion.

2. Where one demands his chattels and there is such a withholding of them as amounts to a conversion, a right of action accrues which will not be divested by a subsequent offer to return the goods or a notice to plaintiff to come and take them away.

January 7th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas, No. 2, of *Philadelphia county :* Of July Term 1876, No. 53.

Trover by Thomas Houghton against Robert Whitaker, to recover damages for the conversion of certain moulds, tools and materials for the manufacture of glassware. Plea, Not guilty.

Whitaker owned a glass factory, which he let to Philip Keen for two years from March 1st 1870. Keen was working with Houghton under an agreement, and had received from the latter certain moulds and materials, some of which were in use and the rest stored away and nailed up in the factory. Keen became embarrassed, and the goods on the premises were seized and with the lease sold by the sheriff. Upon notice from Houghton, his goods, which were stored away, were set aside and not sold. A short time after the sale, Houghton demanded his goods from Whitaker, who said he did not know anything about them. It appeared that subsequently, when another demand was made, he answered that no property should be moved from the premises. About three weeks after the sale, however, he sent a notice in writing to Houghton, to come and take away his moulds and any goods he had on the

[Whitaker v. Houghton.]

premises.   The plaintiff testified that after receiving this notice, not immediately, but, on account of sickness, as soon as he could, he went to the factory and found his goods honey-combed, thrown out into the yard, rusted and worthless.   This was four or five weeks after the sale, and the premises were in possession of new tenants.   There was no evidence to show that Houghton had accepted the offer to return the goods.

At the trial, before Hare, P. J., the defendant submitted the following point, which was refused :—

If the jury believe the defendant requested the plaintiff to take his goods in question, even if they believe the defendant before refused to let him take them, the plaintiff can recover only such damage as occurred to the goods, if any, between the time of the demand and the request, and for their detention during that interval, and not the value of the goods.

In their general charge the court, inter alia, said :—

"A demand and a refusal are not a conversion, but evidence from which a conversion may be inferred.   A clearly expressed demand on one who has the goods of another in his possession, followed by an unequivocal refusal to surrender them to the owner, are prima facie evidence of a conversion, and may be conclusive if it appears that the plaintiff was thereby deprived of his property. Where one demands his chattels, and there is such a withholding of them as amounts to a conversion, a right of action accrues which will not be divested by a subsequent offer to return the goods or a notice to the plaintiff to come and take them away.   But such a notice may be taken into consideration by the jury in determining whether the previous refusal was absolute and amounted to a conversion."

The verdict was for the plaintiff for $1400, and after judgment thereon the defendant took this writ, assigning for error the refusal of the above point and the foregoing portion of the charge.

George L. Crawford, for plaintiff in error.—While refusal to deliver goods on demand is evidence of conversion, yet if the defendant afterwards, before suit brought, makes a tender of them, it is a bar to the action: Addison on Torts 500 ; 2 Hilliard on Torts, sect. 13, p. 121.   If the property is delivered to plaintiff before suit brought, only nominal damages can be recovered.   The only modification to this rule is where between the conversion and return of the property claimed special damage has been incurred, and in such case this special damage must be distinctly alleged in the declaration : Sedgwick on Damages, 6th ed., p. 614 ; Hayward v. Seaward, 1 Moore & Scott 459 ; Evans v. Lewis, 3 Dow 819 ; Thomson v. Six Penny Savings Bank, 5 Bosworth 293.   Where trover has been brought for a specific chattel of ascertained quantity and quality, and unattended with any circumstances that can en-

5 Norris—4

[Whitaker v. Houghton.]

hance the damages above the real value, the courts will make an order for staying the proceedings upon delivering it to the plaintiff, and payment of costs : Moon v. Raphael, 2 Bing. N. C. 315 ; Wintle v. Rudge, 5 Jurist 274 ; Coombe v. Sansom, 1 Dow. & Ryl. 201 ; Plevin v. Henshall, 10 Bing. 24 ; Kaley v. Shed (Shaw J.), 10 Metc. 319 ; Rutland & Washington Railroad ·Co. v. Bank of Middlebury, 32 Vt. 639.

In Rank v. Rank, 5 Barr 211, trover for goods which the plaintiff received after suit brought, the measure of damage was held to be the difference in value at the time of conversion and that of delivery. And in McInroy v. Dyer, 11 Wright 120, an action of trespass, STRONG, J., said, what the law seeks to secure in an assessment of damages to an injured party is compensation ; that though there were a complete conversion, and though the general rule in the measure of damages is the value of the goods at the time of conversion—or the highest value at any time between the conversion and the trial—yet if they have been regained by the plaintiff before the trial, that fact goes in mitigation of damages.

*John F. Young* and *E. Coppee Mitchell*, for defendant in error. —The question raised by the point which the court declined to affirm was, what is the effect of *an unaccepted offer* to restore the goods, coming after a demand and refusal to deliver them ?

In Hanmer v. Wilsey, 17 Wend. 91, it was distinctly held, 1. That an offer to return the goods need not be accepted ; and 2. That an unaccepted offer cannot be received in mitigation of damages. See also Higgins v. Whitney, 24 Wend. 380 ; Gibson v. Humphrey, 1 Cr. & Mees. 544. The court refused in Tucker v. Wright, 3 Bing. 601, to entertain a motion to stay proceedings on delivery of the goods and payment· of costs.

In Moon v. Raphael, 2 Bing. N. C. 310, cited by plaintiff in error, the goods had been accepted by the plaintiff without condition, and the court allowed nominal damages only, because no special damage had been laid in the declaration. So much of that decision is not law here, for it was expressly held in Rank v. Rank, 5 Barr 211, that special damage actually suffered might be recovered, although not formally averred.

In Rutland and Washington Railroad Co. v. The Bank, cited on the other side, the goods in question were the bonds of plaintiffs, for which they were liable in full,· and which therefore could not have suffered any deterioration as to them, and it was held that the plaintiffs were bound to accept them when tendered ; but it was distinctly said that such a rule would not apply where the goods had ·deteriorated in value, or where there was any question as to their value. To the same point are Stickney v. Allen, 10 Gray 352 ; Edmondson v. Nuttall, 34 L. J. Com. Pl. 102 ; Munson v. Mun-

[Whitaker v. Houghton.]

son, 24 Conn. 115; Finch v. Blount, 7 C. & P. 478; Alsager v. Close, 10 M. & W. 584.

Mr. Justice PAXSON delivered the opinion of the court, January 21st 1878.

There was some evidence in the case that the goods in controversy had been injured prior to the offer to return them to the plaintiff. Houghton (plaintiff) says in his cross-examination: " After receiving the notice from Mr. Whitaker, not immediately, but on account of sickness, as soon as I could, I went to the factory and found my goods honey-combed, thrown out in the yard, rusted and worthless. This was some four or five weeks after the sale." In view of such evidence it was not error to decline the defendant's point. Had the plaintiff accepted the tender or offer of the goods the measure of damages indicated by the point would not have been inaccurate. Thus in Rank v. Rank, 5 Barr 211, where the goods had been unconditionally received by the plaintiff after suit brought, the measure of damages was held to be the difference in value at the time of the conversion and that of the delivery. And it may be stated generally that in an action of trover, where the goods have been accepted or regained by the plaintiff, such fact goes in mitigation of damages. He cannot accept a return of his goods and yet recover their full value. We need not refer at length to the authorities cited in support of the proposition, that in trover a plaintiff is bound to accept a tender or offer to return the property. In nearly all of them there was no deterioration of it after conversion. This was so in Rutland & W. Railroad Co. v. The Bank, 32 Vt. 639, where the property consisted of the bonds of the plaintiffs, for which they were liable in full, and which therefore could not have suffered any deterioration as to them. It was held that plaintiffs were bound to accept them when tendered; but it was distinctly said that such a rule would not apply where the goods had deteriorated in value. This principle runs through most of the cases. Whether a plaintiff in trover is bound under all circumstances to accept a return of the goods, is a question not necessary to a decision of this case. It is sufficient to say that under the evidence the plaintiff was not bound to accept the offer, and that the measure of damages, based upon the affirmative of this proposition, was not the correct one. Hence it was not error for the learned president of the court below to say: " Where one demands his chattels, and there is such a withholding of them as amounts to a conversion, a right of action accrues which will not be divested by a subsequent offer to return the goods, or a notice to the plaintiff to come and take them away." This is entirely accurate, whether we view it as an abstract proposition or an instruction upon the evidence in the case. At most a tender could only affect the measure of damages; it does not go to the right of action.

[Whitaker *v.* Houghton.]

However it may be in the case of an offer to return an article that has sustained no injury, it is clear, both upon reason and authority, that an offer to return property that has been damaged while in the possession of the .wrongdoer, imposes no obligation upon the injured party to accept it.

Judgment affirmed.